PROB 12C
(6/16)

Report Date: September 3, 2026

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 04, 2026

SEAN F. MCAVOY, CLERK

ECF No. 25

# United States District Court

## for the

## Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Derald C. Alexander Case Number: 0980 2:23CR00087-TOR-1

Address of Offender: Unknown

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: December 21, 2023

Original Offense: Failure to Register As a Sex Offender, 18 U.S.C. § 2250(a)

Original Sentence: Prison - 33 Months; TSR - 60 Months

Type of Supervision: Supervised Release

Asst. U.S. Attorney: Ann Wick

Date Supervision Commenced: July 9, 2026

Defense Attorney: Andrea K. George

Date Supervision Expires: July 8, 2031

## PETITIONING THE COURT

To issue a warrant.

On July 9, 2026, Mr. Derald Alexander, signed his conditions relative to case number 2:23CR00087-TOR-1, indicating that he understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #1**: You must not commit another federal, state or local crime. |

**Supporting Evidence**: Mr. Alexander is alleged to have violated mandatory condition number 1, by engaging in conduct constituting assault in the fourth degree, on or about August 30, 2026, in Spokane, Washington.

According to police reports, on September 1, 2026, law enforcement was dispatched to a location on North Madison regarding a possible domestic violence assault that had occurred. Upon arrival, law enforcement spoke with the reporting party and the victim, who identified herself as the wife of Mr. Alexander. The contact described to law enforcement an unprovoked assault that had occurred at her residence on August 30, 2026, and that had been perpetrated by Mr. Alexander. The victim described the assault that took place, to include the subject's having covered her face with a pillow, to the degree that she couldn't breath, and subsequently slapping her in the face. The investigating officer observed and documented injuries to the right side of the victim's face including bruising.

The investigating officer determined that probable cause existed for Mr. Alexander's arrest for the offense of Assault in the Forth Degree, in violation of R.C.W. 9A.36.041, a Gross Misdemeanor. Law enforcement attempted to contact Mr. Alexander but were unsuccessful.

On September 2, 2026, the victim in this case was contacted telephonically by the undersigned officer, and confirmed the information outlined in the received police report. The victim also elaborated that Mr. Alexander had placed his hands around her neck in an attempt to choke her during the incident, and that she was in fear for her life.

2 **Standard Condition # 4**: You must be truthful when responding to the questions asked by your probation officer.

**Supporting Evidence**: Mr. Alexander is alleged to have violated standard condition number 4, by knowingly providing false information to the U.S. Probation Office with regard to his housing status on a multitude of occasions, and most recently occurring on August 26, 2026.

On July 18, July 30, and August 20, 2026, telephonic conversations occurred with Mr. Alexander, during which he described and stated continued residency in shelter based housing in Spokane. On July 22, and August 26, 2026, Mr. Alexander met with his assigned officer at the House of Charity in Spokane, a local homeless shelter, where he described continued residency.

On September 1, 2026, law enforcement conducted an investigation into the subject's alleged assault of his wife, as outlined in alleged violation number 1. During the investigation, the victim indicated to the investigating officer that the subject resided with her at her address on North Madison.

On September 2, 2026, the undersigned officer contacted the victim, who confirmed that Mr. Alexander had stayed at her residence every night since his release on July 9, 2026. The undersigned officer then contacted the House of Charity and the Union Gospel Mission in Spokane, both homeless shelters which the subject had identified as temporary places of residency since release. Both facilities confirmed that the subject had not resided overnight at their facilities since his release in July of 2026.

3 **Standard Condition # 13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: Mr. Alexander is alleged to have violated standard condition number 13, by failing to report to the U.S. Probation Office as directed on September 2, 2026.

On September 2, 2026, the undersigned officer attempted to contact Mr. Alexander telephonically, to discuss the recent concerns as identified in violations 1, 2 and 4, herein. Mr. Alexander was left a voice mail on his cell phone, which went straight to voice mail, directing him to report to the U.S. Probation Office on the day in question prior to 4:30 p.m. Mr. Alexander failed to report as directed.

4 **Special Condition # 3**: You must live at an approved residence, and must not change your living situation without advance approval of the supervising officer.

**Supporting Evidence**: Mr. Alexander is alleged to have violated special condition number 3, by knowingly residing at an unapproved residence following his release to supervision occurring on July 9, 2026.

On July 9, 2026, Mr. Alexander began his current term of supervised release. Mr. Alexander reported to the U.S. Probation Office on the day in question to participate in his intake, during which he provided the identifying information for a local homeless shelter to reside at. Mr. Alexander also provided an address located on North Madison in Spokane, that he requested be investigated to determine future suitability for supervision.

On July 13, 2026, Mr. Alexander admitted to his assigned U.S. probation officer that he had stayed at the North Madison address without agency approval. Mr. Alexander was admonished and directed to return to available shelter housing until the location could be investigated. Mr. Alexander committed to doing so.

On September 1, 2026, law enforcement conducted an investigation into the subject's alleged assault of his wife, as outlined in alleged violation number 1. During the investigation, the victim indicated to the investigating officer that the subject resided with her at her address on North Madison.

On September 2, 2026, the undersigned officer contacted the victim, who confirmed that Mr. Alexander had stayed at her address every night since his release on July 9, 2026. The undersigned officer then contacted the House of Charity and the Union Gospel Mission in Spokane, both homeless shelters which the subject had identified as temporary places of residency since release. Both facilities confirmed that the subject had not resided overnight at their facilities since his release in July 2026.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 3, 2026

s/ Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

Thomas O. Rice

Signature of Judicial Officer

September 4, 2026

Date